No. 22-3194

IN THE
# United States Court of Appeals
FOR THE THIRD CIRCUIT

**ALITO TIJWAN CROSS**

*Plaintiff-Appellant,*

v.

**DR. BUSCHMAN; PHYSICIAN'S ASSISTANT WICKHAM; H. QUAY,**

*Defendants-Appellees.*

On Appeal from the United States District Court for the
Middle District of Pennsylvania, No. 22-cv-98 (Conner, J.)

## JOINT APPENDIX
Vol. 1 of 2 (JA 1–11)

S. Conrad Scott
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000

David M. Zionts
Emma W. Keteltas
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000

Samuel Weiss
RIGHTS BEHIND BARS
416 Florida Avenue, NW, #26152
Washington, DC 20001
(202) 455-4399

*Counsel for Plaintiff-Appellant*

Navin Jani
U.S. ATTORNEY'S OFFICE
  MIDDLE DISTRICT OF PENNSYLVANIA
228 Walnut Street, Suite 220
Harrisburg, PA 17108
(717) 221-4482

*Counsel for Defendants-Appellees*

# TABLE OF CONTENTS

| Description | ECF No. | Date Filed | JA |
|---|---|---|---|
| **VOLUME 1:** | | | |
| Plaintiff's Notice of Appeal | 39 | Nov. 18, 2022 | 1 |
| Order Dismissing Plaintiff's Amended Complaint | 37 | Oct. 11, 2022 | 3 |
| Memorandum Opinion Granting Defendants' Motion to Dismiss *Bivens* Claim | 35 | Oct. 7, 2022 | 4 |
| **VOLUME 2:** | | | |
| District Court Docket | – | – | 12 |
| Complaint | 1 | Jan. 19, 2022 | 15 |
| Letter to Court (Jan. 28, 2022) | 4 | Feb. 7, 2022 | 22 |
| Monetary Relief in Support of Complaint (Feb. 22, 2022) | 10 | Feb. 25, 2022 | 24 |
| Plaintiff's Affidavit (Feb. 2022) | 12 | Mar. 1, 2022 | 26 |
| Motion to Admit Affidavits as Evidence in Support of Facts Stated in Complaint (Mar. 29, 2022) | 16 | Apr. 4, 2022 | 33 |
| Plaintiff's Affidavits (Apr. 18, 2022) | 17 | Apr. 21, 2022 | 40 |
| Plaintiff's Affidavit (May 17, 2022) | 19 | May 20, 2022 | 43 |
| Letter to Court | 20 | May 23, 2022 | 45 |
| Order Striking Amended Complaint (July 7, 2022) | 27 | July 7, 2022 | 47 |
| Letter to Court (July 27, 2022) | 30 | Aug. 2, 2022 | 49 |
| Order Dismissing Plaintiff's FTCA Claim with Prejudice | 31 | Aug. 10, 2022 | 51 |
| Order Denying Plaintiff's Motion for Leave to Amend as Moot | 33 | Aug. 25, 2022 | 54 |
| Amended Complaint | 34 | Sept. 12, 2022 | 55 |
| Letter to Court (Oct. 4, 2022) | 36 | Oct. 7, 2022 | 63 |
| Plaintiff's Affidavit (Oct. 10, 2022) | 38 | Oct. 14, 2022 | 69 |

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALITO TIJWAN CROSS AND
PAMELA CROSS,

        Plaintiffs

    v.

UNITED STATES OF AMERICA

        Defendant

CIVIL NUMBER 1:22-CV-98

(Conner, J.)

**FILED**
HARRISBURG, PA
NOV 18 2022
PER _____ DEPUTY CLERK

## NOTICE OF APPEAL FROM DISMISSAL ORDER

This is a notice of appeal of the Order dismissing the above captioned case with prejudice.

Date: November 15, 2022

ALITO TIJWAN CROSS ® 34517-057

INMATE NAME/NUMBER: ALITO TIJWAN CROSS ®34517-057
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD    USP
P.O. BOX 3000
WHITE DEER, PA 17887



HARRISBURG PA 171
16 NOV 2022 PM 1



RECEIVED
HARRISBURG, PA
NOV 18 2022
PER _____ DEPUTY CLERK

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
228 WALNUT STREET
POST OFFICE BOX 983
HARRISBURG, PENNSYLVANIA 17108

LEGAL MAIL

17108-098383

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALITO TIJWAN CROSS | : | CIVIL ACTION NO. 1:22-CV-98 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| DOCTOR BUSCHMAN, *et al.*, | : | |
| | : | |
| Defendants | : | |

### ORDER

AND NOW, this 11th day of October, 2022, upon review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Plaintiff's amended complaint (Doc. 34) is DISMISSED with prejudice.

2. The Clerk of Court is DIRECTED to close this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALITO TIJWAN CROSS** :  | CIVIL ACTION NO. 1:22-CV-98 |
| : | |
| **Plaintiff** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **DOCTOR BUSCHMAN,** *et al.*, : | |
| : | |
| **Defendants** : | |

### MEMORANDUM

This is a prisoner civil rights case that was initially filed as a Federal Tort Claims Act ("FTCA") complaint against the United States of America and has been amended as a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Plaintiff, Alito Tijwan Cross, alleges that his civil rights were violated when prison officials failed to treat his diabetes for thirteen months.  We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and conclude that it fails to state a claim upon which relief may be granted.  The complaint will be dismissed with prejudice.

**I.     Factual Background & Procedural History**

Cross, who has been incarcerated in the Allenwood United States Penitentiary ("USP-Allenwood") at all relevant times, initiated this case pursuant to the FTCA on January 19, 2022, naming USP-Allenwood as the sole defendant.  (Doc. 1).  Recognizing that the United States is the only proper defendant in an FTCA action, we substituted the United States as the defendant on February 17, 2022 and directed the Clerk of Court to serve the United States with process.  (Doc. 8).

The United States moved to dismiss on May 16, 2022, arguing that Cross failed to exhaust administrative remedies prior to filing suit. (Doc. 18). In response, Cross indicated that he wished to have the case construed as a Bivens civil rights action and requested leave to amend his complaint in line with Bivens. (See Docs. 23, 25, 28, 30). We construed this as a concurrence with the United States' motion to dismiss. (Doc. 31 at 2). We accordingly granted the motion to dismiss, dismissed the claim against the United States with prejudice, and granted Cross leave to file an amended complaint pursuant to Bivens. (Id. at 3).

Cross timely amended his complaint on September 6, 2022, and the court docketed the amended complaint on September 12, 2022. (Doc. 34 at 7). The complaint names as defendants a physician in USP-Allenwood named Buschman, a physician's assistant named Wickham, and the former warden, H. Quay. (Id. at 2-3). The amended complaint alleges that sometime in 2021, Cross lost consciousness on four occasions. (Id. at 5). Buschman was informed of these incidents, but it took him thirteen months to treat Cross for diabetes after obtaining that information. (Id.) The amended complaint does not allege any personal involvement in the alleged civil rights violations by defendants Wickham or Quay, nor does it allege that Cross suffered any harm as a result of the thirteen-month delay in treatment.

II. **Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner seeks redress against a governmental

employee or entity. See 28 U.S.C. § 1915A.[1] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).

### III.   Discussion

In Bivens, the Supreme Court recognized an implied damages remedy for a Fourth Amendment violation committed by federal officials, whose conduct was not encompassed by the statutory remedy available against state actors under 42 U.S.C. § 1983. See Bivens, 403 U.S. at 397. In over 50 years since Bivens was decided in June 1971, the Court has extended Bivens only twice: first, to a claim for gender discrimination under the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228, 248-49 (1979), and later to a claim for inadequate prison medical care under the Cruel and Unusual Punishment Clause of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14, 18-23 (1980).

---

[1] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

3

The Supreme Court's decision in Ziglar v. Abbasi, 582 U.S. __, 137 S. Ct. 1843 (2017) sets forth a two-part test for determining whether a prospective Bivens claim may proceed. First, courts must ascertain whether the case presents a "new context." See id. at 1859. If the case differs "in a meaningful way" from previous Bivens cases decided by the Supreme Court, "then the context is new." Id. And the meaning of "new context" is "broad." See Hernandez v. Mesa, 589 U.S. __, 140 S. Ct. 735, 743 (2020). Second, if the case presents a new context, the court must then consider whether "special factors" counsel against extending the Bivens remedy. See id. This inquiry asks whether "the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." See Egbert v. Boule, 596 U.S. __, 142 S. Ct. 1793, 1803 (2022) (quoting Abbasi, 137 S. Ct. at 1858). If a court concludes that "even a single reason" exists to pause "before applying Bivens in a new context or to a new class of defendants," then special factors counseling hesitation exist and a Bivens remedy does not lie. See id. (quoting Hernandez, 140 S. Ct. at 743) (internal quotation marks omitted).

The Court's decision in Egbert, 142 S. Ct. at 1793, reemphasizes that the continued refusal to "imply a similar cause of action for other alleged constitutional violations" is intentional—recognizing a new Bivens cause of action is "a disfavored judicial activity." See Egbert, 142 S. Ct. at 1803 (quoting Abbasi, 137 S. Ct. at 1857; Hernandez, 140 S. Ct. at 742-43). Egbert clarified that the two-step process laid out in Abbasi "often resolve[s] to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." See id. at 1803. In other words: if there is "*any* rational reason (even one) to think that

*Congress* is better suited" to determine the propriety of a cause of action, then a Bivens action cannot proceed. See id. at 1805. The court must broadly inquire whether "there is any reason to think that 'judicial intrusion' into a given field might be 'harmful' or 'inappropriate'"—and if the answer is "yes," or even *potentially* yes, the plaintiff cannot recover under Bivens. See id. (quoting United States v. Stanley, 483 U.S. 669, 681 (1987)). Mindful of Egbert's emphasis on the presence of special factors, we proceed with Abbasi's two-step analysis.

1.   **New Context**

Only one of the three cases in which the Supreme Court has recognized a Bivens claim, Carlson, is potentially relevant to the instant matter.[2] In Carlson, the Court recognized an implied damages remedy under Bivens when prison officials' failure to provide medical care led to a prisoner plaintiff's death. See Carlson, 446 U.S. at 16, 25; see also Egbert, 142 S. Ct. at 1802.

---

[2] We have also considered the potential relevance of Farmer v. Brennan, 511 U.S. 825 (1994). Although Egbert, Hernandez, and Abbasi do not mention Farmer as one of the cases in which the Court recognized a Bivens remedy, our court of appeals has held, post-Abbasi, that Farmer recognized an implied Bivens remedy for claims that prison officials were deliberately indifferent to a risk that an inmate would be assaulted by other inmates. See Bistrian v. Levi, 912 F.3d 79, 90-91 (3d Cir. 2018). The Supreme Court's more recent decisions in Hernandez and Egbert and our court of appeals' decision in Dongarra v. Smith, 27 F.4th 174 (3d Cir. 2022) cloud this conclusion. See Davis v. FCI-Schuylkill, No. 1:22-CV-1270, 2022 WL 4348462, at *3 n.3 (M.D. Pa. Sept. 19, 2022) (Conner, J.). Nevertheless, Dongarra did not overrule Bistrian because Dongarra is not an en banc decision. See, e.g., Bracey v. Superintendent Rockview SCI, 986 F.3d 274, 290 n.14 (3d Cir. 2021). Hence, we continue to treat Bistrian as binding precedent and have considered its relevance to the instant case. We find that the instant case's allegation of deliberate indifference to a serious medical need is notably different from the deliberate indifference to inmate assault alleged in Farmer. See Davis, 2022 WL 4348462, at *3.

Like Carlson, the instant case arises from defendants' alleged failure to provide medical care. But we find that this case is notably different from Carlson. We base this conclusion on our court of appeals' recent decision in Dongarra, 27 F.4th at 174. In Dongarra, the court considered a Bivens claim brought by a prisoner plaintiff alleging that prison officials were deliberately indifferent to the risk that the plaintiff would be assaulted by other inmates. Id. at 176-77. The court acknowledged that the case bore facial similarities to Carlson because the plaintiffs in both cases alleged that the defendants were deliberately indifferent to a risk of harm to the plaintiff. Id. at 180. But the court found that Dongarra was notably different from Carlson because the plaintiff in Carlson allegedly died as a result of the defendants' deliberate indifference. Id. at 180-81. "Put differently," the court reasoned, "the risk that the prison officer ignored (death from not treating the prisoner's chronic asthma) in fact resulted." Id. at 181. In Dongarra, by contrast, "[t]he potential harm that [the defendant] allegedly ignored (assault by other prisoners) never happened." Id. The potential harm may have been foreseeable, but the fact that it did not ultimately happen made the case notably different from Carlson. Id.

This case is analogous to Dongarra. Cross alleges that defendants were deliberately indifferent by failing to treat him, but he does not allege that he suffered any harm as a result. (See Doc. 1 at 5). The four instances in which Cross lost consciousness occurred *before* the defendants allegedly failed to provide treatment. (See id. ("It took defendant #1 13 months to treat my medical condition subsequent to being informed of me losing consciousness on 4 occasions during the

6

13 month period"). Thus, as in Dongarra, "[t]he potential harm that [the defendants] allegedly ignored . . . never happened." 27 F.4th at 181. The case is thus notably different from Carlson and presents a new context for Bivens. See id.

### 2. Special Factors

Having concluded that Cross's claim presents a new context, we must determine whether "there are any special factors that counsel hesitation" in extending Bivens. See Hernandez, 140 S. Ct. at 743 (internal quotation marks and alterations omitted) (quoting Abbasi, 137 S. Ct. at 1857). If a court "ha[s] reason to pause before applying Bivens in a new context or to a new class of defendants," then special factors counseling hesitation exist. See id.

The Supreme Court has recognized that "when alternative methods of relief are available, a Bivens remedy usually is not." See Abbasi, 137 S. Ct. at 1863. The alternative remedy need not "afford rights to participation or appeal," because a court should defer to congressional or executive choices in erecting a remedial process, rather than conduct its own independent assessment of government procedures. See Egbert, 142 S. Ct. at 1806. "If there are alternative remedial structures in place, 'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new Bivens cause of action.'" Id. at 1804 (citing Abbasi, 137 S. Ct. at 1858.

The Bureau of Prisons' administrative remedy program provides an alternative remedy for Cross to pursue his claim. Mack v. Yost, 968 F.3d 311, 321 (3d 2020). Although Cross could not obtain money damages through the administrative remedy program, see id., the fact that the alternative remedy "do[es]

7

not provide complete relief" is immaterial. Egbert, 142 S. Ct. at 1804. "Rather, the court must ask only whether it, rather than the political branches, is better equipped to decide whether existing remedies 'should be augmented by the creation of a new judicial remedy.'" Id. (quoting Bush v. Lucas, 462 U.S. 367, 388 (1983)). Having carefully considered this question, and mindful of the Supreme Court's direction that expanding the Bivens remedy to new contexts is a "disfavored judicial remedy," See Egbert, 142 S. Ct. at 1803 (quoting Abbasi, 137 S. Ct. at 1857), we conclude that Congress is better equipped to determine the contours of a damages remedy than the courts. Cross's Bivens claim will accordingly be dismissed.

    3.    **Amendment**

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008). We will deny leave to amend as futile in light of our conclusion that Bivens should not be extended to the context of this case.

### IV. Conclusion

We will dismiss the complaint with prejudice. An appropriate order follows.

                              /S/ CHRISTOPHER C. CONNER
                              Christopher C. Conner
                              United States District Judge
                              Middle District of Pennsylvania

Dated:    October 7, 2022

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on May 25, 2023. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

| | |
|---|---|
| May 25, 2023 | */s/ S. Conrad Scott*<br>S. Conrad Scott<br><br>*Counsel for Plaintiff-Appellant*<br>*Alito T. Cross* |