IN THE

# United States Court of Appeals

## FOR THE THIRD CIRCUIT

**ALITO TIJWAN CROSS**

*Plaintiff-Appellant,*

*v.*

**DR. BUSCHMAN; PHYSICIAN'S ASSISTANT WICKHAM; H. QUAY,**

*Defendants-Appellees.*

On Appeal from the United States District Court for the
Middle District of Pennsylvania, No. 22-cv-98 (Conner, J.)

**JOINT APPENDIX**
**Vol. 2 of 2 (JA 12–70)**

S. Conrad Scott
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000

David M. Zionts
Emma W. Keteltas
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000

Samuel Weiss
RIGHTS BEHIND BARS
416 Florida Avenue, NW, #26152
Washington, DC 20001
(202) 455-4399

*Counsel for Plaintiff-Appellant*

Navin Jani
U.S. ATTORNEY'S OFFICE
  MIDDLE DISTRICT OF PENNSYLVANIA
228 Walnut Street, Suite 220
Harrisburg, PA 17108
(717) 221-4482

*Counsel for Defendants-Appellees*

# TABLE OF CONTENTS

| Description | ECF No. | Date Filed | JA |
|---|---|---|---|
| **VOLUME 1:** | | | |
| Plaintiff's Notice of Appeal | 39 | Nov. 18, 2022 | 1 |
| Order Dismissing Plaintiff's Amended Complaint | 37 | Oct. 11, 2022 | 3 |
| Memorandum Opinion Granting Defendants' Motion to Dismiss *Bivens* Claim | 35 | Oct. 7, 2022 | 4 |
| **VOLUME 2:** | | | |
| District Court Docket | – | – | 12 |
| Complaint | 1 | Jan. 19, 2022 | 15 |
| Letter to Court (Jan. 28, 2022) | 4 | Feb. 7, 2022 | 22 |
| Monetary Relief in Support of Complaint (Feb. 22, 2022) | 10 | Feb. 25, 2022 | 24 |
| Plaintiff's Affidavit (Feb. 2022) | 12 | Mar. 1, 2022 | 26 |
| Motion to Admit Affidavits as Evidence in Support of Facts Stated in Complaint (Mar. 29, 2022) | 16 | Apr. 4, 2022 | 33 |
| Plaintiff's Affidavits (Apr. 18, 2022) | 17 | Apr. 21, 2022 | 40 |
| Plaintiff's Affidavit (May 17, 2022) | 19 | May 20, 2022 | 43 |
| Letter to Court | 20 | May 23, 2022 | 45 |
| Order Striking Amended Complaint (July 7, 2022) | 27 | July 7, 2022 | 47 |
| Letter to Court (July 27, 2022) | 30 | Aug. 2, 2022 | 49 |
| Order Dismissing Plaintiff's FTCA Claim with Prejudice | 31 | Aug. 10, 2022 | 51 |
| Order Denying Plaintiff's Motion for Leave to Amend as Moot | 33 | Aug. 25, 2022 | 54 |
| Amended Complaint | 34 | Sept. 12, 2022 | 55 |
| Letter to Court (Oct. 4, 2022) | 36 | Oct. 7, 2022 | 63 |
| Plaintiff's Affidavit (Oct. 10, 2022) | 38 | Oct. 14, 2022 | 69 |

**United States District Court**
**Middle District of Pennsylvania (Harrisburg)**
**CIVIL DOCKET FOR CASE #: 1:22−cv−00098−CCC−LT**

Cross v. United States of America
Assigned to: Honorable Christopher C. Conner
Referred to: Pro Se Law Clerk LT
 Case in other court:  Third Circuit, 22−03194
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 01/18/2022
Date Terminated: 10/11/2022
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: U.S. Government Defendant

| Date Filed | # | Docket Text |
|---|---|---|
| 01/19/2022 | 1 | COMPLAINT against USP−Allenwood Penitentiary lodged as no filing fee was paid and no Motion for In Forma Pauperis was filed, filed by Alito Tijwan Cross.(lp) (Entered: 01/19/2022) |
| 01/19/2022 | 2 | PRO SE LETTER ISSUED providing the case number and the AO 85 Notice & Consent Form. (Attachments: # 1 Notice of Consent, # 2 Instruction Sheet, # 3 Fed and Local Rules, # 4 398 Forms, # 5 399 Form) (lp) (Entered: 01/19/2022) |
| 01/19/2022 | 3 | **(THIRTY (30) DAY ADMINISTRATIVE ORDER)** directing the prisoner to pay the filing fee or file a signed Application to Proceed IFP within 30 days or case will be dismissed. Signed by Unassigned on 01/19/2022. (Attachments: # 1 IFP (civil rights), # 2 IFP Short Form (to Pamela Cross))(lp) (Entered: 01/19/2022) |
| 02/07/2022 | 4 | MOTION to Continue by Alito Tijwan Cross.(ao) (Entered: 02/07/2022) |
| 02/10/2022 | 5 | UNCERTIFIED MOTION (Application) for Leave to Proceed in forma pauperis by Alito Tijwan Cross.(ao) Modified on 2/14/2022 (lp). **Plaintiff failed to sign Authorization Section** (Entered: 02/10/2022) |
| 02/14/2022 | 6 | **SECOND THIRTY (30) DAY ADMINISTRATIVE ORDER** directing the prisoner to pay the filing fee or file a signed Application to Proceed IFP within 30 days or case will be dismissed. Signed by LP on 02/14/2022. (Attachments: # 1 IFP (civil rights))(lp) (Entered: 02/14/2022) |
| 02/16/2022 | 7 | Filing fee: $ 402.00, receipt number 333080003. Complaint is now deemed FILED. (ao) (Entered: 02/16/2022) |
| 02/17/2022 |  | Receipt of payment from PAMELA D. CROSS in the amount of $402.00 for CIVIL FILING FEE− NON−PRISONER. Transaction posted on 2/16/2022. Receipt number 333080003 processed by gangeli. (jjs) (Entered: 02/17/2022) |
| 02/17/2022 | 8 | ORDER DIRECTING U.S. MARSHAL TO SERVE SUMMONS AND COMPLAINT − it is hereby ORDERED that the complaint is DEEMED filed. The Clerk of Court is directed to dismiss USP−Allenwood as a defendant and substitute the United States of America as the sole named defendant in this action. The Clerk of Court is directed to SERVE the defendant. Signed by Honorable Christopher C. Conner on 2/17/2022. (mw) (Entered: 02/17/2022) |
| 02/17/2022 | 9 | Summons Issued as to United States of America and provided TO U.S. MARSHAL for service on Defendant(s)in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure. (NOTICE TO ATTORNEYS RECEIVING THE SUMMONS ELECTRONICALLY: You must print the summons and the attachment when you receive it in your e−mail and serve them with the complaint on all defendants in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure). (Courtesy copies provided to USM for service on US Attorney's Office and US Attorney General's Office) (mw) (Entered: 02/17/2022) |
| 02/25/2022 | 10 | Supplement by Alito Tijwan Cross to 1 Complaint. (ao) (Entered: 02/25/2022) |
| 02/25/2022 | 11 | MOTION to Appoint Counsel by Alito Tijwan Cross.(ao) (Entered: 02/25/2022) |
| 03/01/2022 | 12 | AFFIDAVIT filed by Alito Tijwan Cross. (ao) (Entered: 03/01/2022) |

| 03/04/2022 | 13 | ORDER − it is hereby ORDERED that the motion (Doc. 11 ) to appoint counsel is DENIED without prejudice. If further proceedings demonstrate the need for counsel, the matter will be reconsidered either sua sponte or upon motion of plaintiffs. Signed by Honorable Christopher C. Conner on 3/4/2022 (mw) (Entered: 03/04/2022) |
|---|---|---|
| 03/22/2022 | 14 | SUMMONS Returned Executed United States of America served on 3/17/2022, answer due 5/16/2022. (ktt) (Entered: 03/22/2022) |
| 03/29/2022 | 15 | ACKNOWLEDGEMENT OF SERVICE Executed as to 9 Summons & Complaint Issued as to USA rec'd on 3/23/22. (ao) (Entered: 03/29/2022) |
| 04/04/2022 | 16 | AFFIDAVITS in support of facts stated in complaint filed by Alito Tijwan Cross. (ao) (Entered: 04/04/2022) |
| 04/21/2022 | 17 | AFFIDAVIT filed by Alito Tijwan Cross of witnesses. (ao) (Entered: 04/21/2022) |
| 05/16/2022 | 18 | MOTION to Dismiss by United States of America. (Attachments: # 1 Proposed Order)(Butler, Michael) (Entered: 05/16/2022) |
| 05/20/2022 | 19 | DECLARATION by Alito Tijwan Cross. (ao) (Entered: 05/20/2022) |
| 05/23/2022 | 20 | Letter from Alito T. Cross RE: Food Services manual (ao) (Entered: 05/23/2022) |
| 05/25/2022 | 21 | BRIEF IN OPPOSITION re 18 MOTION to Dismiss filed by Alito Tijwan Cross.(ao) (Entered: 05/25/2022) |
| 05/31/2022 | 22 | BRIEF IN SUPPORT re 18 MOTION to Dismiss filed by United States of America. (Attachments: # 1 Exhibit(s), # 2 Unpublished Opinion(s))(Butler, Michael) (Entered: 05/31/2022) |
| 06/16/2022 | 23 | BRIEF IN OPPOSITION re 18 MOTION to Dismiss filed by Alito Tijwan Cross.(ao) (Entered: 06/16/2022) |
| 06/21/2022 | 24 | ORDER − it is hereby ORDERED that the motion (Doc. 4 ) for extension of time to comply with the courts 30−day administrative order is DENIED AS MOOT. Signed by Honorable Christopher C. Conner on 6/21/2022 (mw) (Entered: 06/21/2022) |
| 06/30/2022 | 25 | PROPOSED DOCUMENT re: AMENDED COMPLAINT (ao) (Entered: 06/30/2022) |
| 06/30/2022 | 26 | REQUEST dtd 6/24/22 for copy of docket sheet by Alito Tijwan Cross. (ao) (Entered: 06/30/2022) |
| 06/30/2022 | | DOCKET ANNOTATION: Docket sheet sent to Pltf. (ao) (Entered: 06/30/2022) |
| 07/07/2022 | 27 | ORDER − it is hereby ORDERED that plaintiffs amended complaint (Doc. 25) is STRICKEN from the record. Plaintiffs original complaint (Doc. 1) shall remain the operative pleading in this case. This order is without prejudice to plaintiffs right to move for leave to amend through a motion that complies with Rule 15. Signed by Honorable Christopher C. Conner on 7/7/2022. (mw) (Entered: 07/07/2022) |
| 07/18/2022 | 28 | REPLY filed by Alito Tijwan Cross to 22 Brief in Support. (ibr) (Entered: 07/19/2022) |
| 07/29/2022 | 29 | REQUEST for Copy of Original Complaint by Alito Tijwan Cross. (dw) (Entered: 07/29/2022) |
| 08/02/2022 | 30 | NOTICE by Alito Tijwan Cross re 1 Complaint that he wants it filed as a Bivens action and not a Federal Tort Claim; (ep) (Entered: 08/02/2022) |
| 08/10/2022 | 31 | ORDER − it is hereby ORDERED that the United States of Americas motion to dismiss (Doc. 18 ) is GRANTED. Plaintiffs FTCA claims against the United States of America are DISMISSED with prejudice. The Clerk of Court is directed to terminate the United States as a party to this action. Plaintiffs may file an amended complaint on or before September 10, 2022. Signed by Honorable Christopher C. Conner on 8/10/2022 (mw) (Entered: 08/10/2022) |
| 08/19/2022 | 32 | MOTION to Amend 1 Complaint by Alito Tijwan Cross.(ao) (Entered: 08/19/2022) |
| 08/25/2022 | 33 | ORDER − it is hereby ORDERED that plaintiffs August 19, 2022 motion (Doc. 32 ) for leave to amend is DENIED AS MOOT. Signed by Honorable Christopher C. Conner on 8/25/2022 (mw) (Entered: 08/25/2022) |

| 09/12/2022 | 34 | AMENDED COMPLAINT against Buschman, Wickham, H. Quay, filed by Alito Tijwan Cross.(ao) (Entered: 09/12/2022) |
|---|---|---|
| 10/07/2022 | 35 | MEMORANDUM (Order to follow as separate docket entry). Signed by Honorable Christopher C. Conner on 10/7/2022. (mw) (Entered: 10/07/2022) |
| 10/07/2022 | 36 | Letter with attachments to Court from Alito Tijwan Cross re case. (aaa) (Entered: 10/07/2022) |
| 10/11/2022 | 37 | ORDER (memorandum filed previously as separate docket entry) − it is hereby ORDERED that plaintiffs amended complaint (Doc. 34) is DISMISSED with prejudice. The Clerk of Court is DIRECTED to close this case. Signed by Honorable Christopher C. Conner on 10/11/2022. (mw) (Entered: 10/11/2022) |
| 10/14/2022 | 38 | AFFIDAVIT of Affiant Alito Cross. (aaa) (Entered: 10/14/2022) |
| 11/18/2022 | 39 | NOTICE OF APPEAL in Prisoner Case as to 37 Order (memorandum filed previously as separate docket entry),, Order Dismissing Case, by Alito Tijwan Cross. Filing Fee and Docket Fee NOT PAID. Filing fee $ 505 The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (ll) (Entered: 11/18/2022) |
| 11/30/2022 | | Receipt of payment from ALITO TIJWAN CROSS in the amount of $505.00 for Notice of Appeal/Docketing Fee. Transaction posted on 11/30/2022. Receipt number 111100356 processed by SH. (jjs) (Entered: 11/30/2022) |

CIVIL COMPLAINT FORM TO BE USED BY A *PRO SE* PRISONER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Pamela Cross
Alito Cross   3451705

**Full Name of Plaintiff          Inmate Number**

:
:
:
:

v.

:
:

**Civil No.** _____

(to be filled in by the Clerk's Office)

USP Allenwood US Penitentiary

**Name of Defendant 1**

:
:
:

( ) Demand for Jury Trial

( ) No Jury Trial Demand

_____

**Name of Defendant 2**

:
:

_____

**Name of Defendant 3**

:
:

_____

**Name of Defendant 4**

:
:
:

FILED
HARRISBURG, PA

JAN 1 8 2022

PER _____
DEPUTY CLERK

_____

**Name of Defendant 5**

(Print the names of all defendants.  If the names of all

defendants do not fit in this space, you may attach

additional pages. Do not include addresses in this

section).

:
:
:
:
:

## I.   NATURE OF COMPLAINT

Indicate below the federal legal basis for your claim, if known.

☐   Civil Rights Action under 42 U.S.C. § 1983 (state, county, or municipal defendants)

☐   Civil Rights Action under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971) (federal defendants)

☑   Negligence Action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, against the United States

Page **1** of **6**

**JA 15**

II.   **ADDRESSES AND INFORMATION**

A.   **PLAINTIFF**

Cross, Alto, Tijwan, USP Allenwood U.S. Penitentiary

Name (Last, First, MI)

Inmate Number

34517057

Place of Confinement

USP Allenwood U.S. Penitentiary

Address

P.O Box 3000 White Deer PA 17887

City, County, State, Zip Code

Indicate whether you are a prisoner or other confined person as follows:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [x] Convicted and sentenced federal prisoner

B.   **DEFENDANT(S)**

Provide the information below for each defendant. Attach additional pages if needed.

Make sure that the defendant(s) listed below are identical to those contained in the caption.   If incorrect information is provided, it could result in the delay or prevention of service of the complaint.

Defendant 1:

USP Allenwood US Penitentiary

Name (Last, First)

Current Job Title

Current Work Address

White Deer PA 17887

City, County, State, Zip Code

Defendant 2:

_____

Name (Last, First)

_____

Current Job Title

_____

Current Work Address

_____

City, County, State, Zip Code


Defendant 3:

_____

Name (Last, First)

_____

Current Job Title

_____

Current Work Address

_____

City, County, State, Zip Code


Defendant 4:

_____

Name (Last, First)

_____

Current Job Title

_____

Current Work Address

_____

City, County, State, Zip Code

Defendant 5:

_____

Name (Last, First)

_____

Current Job Title

_____

Current Work Address

_____

City, County, State, Zip Code

## IV.   LEGAL CLAIM(S)

You are not required to make legal argument or cite any cases or statutes.  However, state what constitutional rights, statutes, or laws you believe were violated by the above actions.  If you intend to assert multiple claims, number and set forth each claim in separate paragraphs. Attach additional pages if needed.  Negligence Action 1346,

## V.   INJURY

Describe with specificity what injury, harm, or damages you suffered because of the events described above.  Lack of medical Care/attention.

## VI.   RELIEF

State exactly what you want the court to do for you.  For example, you may be seeking money damages, you may want the court to order a defendant to do something or stop doing something, or you may be seeking both types of relief.  If you are seeking monetary relief, state your request generally.  Do not request a specific amount of money.  The inmate is requesting to see a doctor and that his medical concern be addressed sooner than later.

## III.   STATEMENT OF FACTS

State only the facts of your claim below.  Include all the facts you consider important.  Attach additional pages if needed.

A.   Describe where and when the events giving rise to your claim(s) arose.

Being denied medical attention to treat diabetes. Doctor have not treated or seen inmate over a year. The inmate has passed out on several occations. The inmate is not being treated for the correct type of diabetes. The inmate has requested to speak with a dietian however, that has not happened. Family have made several request to speak with Dr. Bushner

Dr. Whicman

B.   On what date did the events giving rise to your claim(s) occur?

C.   What are the facts underlying your claim(s)? (For example:  What happened to you?  Who did what?)

Several episodes of blacking out. The inmate is not receiving the proper diet. The issue has not been addressed even after the family call ~~to see~~ seeking help. The inmates most recent blackout was one month ago. The inmate report seeing stars, burning in his feet, and eyesight blurred, which are all major concerns. To this date, none of the concerns have been addressed.

## VII.    SIGNATURE

By signing this complaint, you represent to the court that the facts alleged are true to the best of your knowledge and are supported by evidence, that those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.

Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing. By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.

*Pamela D Cross*
_____
Signature of Plaintiff

*1-13-2022*
_____
Date




Pamela J Cross
2 East Ellerbee St
ham N. C
27704

United States District Court-Middle
District of Pennsylvania
228 Walnut St, Harrisburg, PA 17101

RECEIVED
HARRISBURG, PA

JAN 1 8 2022

PER _____
              DEPUTY CLERK

JA 21

22-CV-098

UNITED STATES DISTRICT COURT

Date: Jan 28, 2022

Dear: Mr. Welsh,

Sir, I am writing to you today about my current Civil
Action No. 1:22-CV-0098. I noticed the (30) day administrative
order that you proposed dating Jan 19, 2022, however, I have a
administrative remedy in action. So it may take more than 30
days.

Can you please file a continuance so that I am able to
exhaust my administrative remedy process.

Respectfully, Tito Cross

PS, If you wouldlike For me to Fill-
out the Forms you sent me Dated 1·19·22,
or wait For the admistative Remedy For
the paperwork I turned in.

FILED
SCRANTON

FEB - 7 2022

PER _____
DEPUTY CLERK

JA 22

INMATE NAME/NUMBER: Alito Tijwan Cross 34517-057
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD USP
P.O. BOX 3000
WHITE DEER, PA 17887

LEGAL
MAIL

RECEIVED
SCRANTON

FEB 07 2022

_____
DEPUTY CLERK

HARRISBURG PA 171
3 FEB 2022 PM 1 L

US District Court
Middle District of Pennsylvania
235 N. Washington Ave
PO Box 1148
Scranton, PA 18501-1148

Mailed from US Penitentiary

FEB 0 3 2022

18501-114848

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


RE:CROSS v. USP-ALLENWOOD                    )
                                             )
                                             ) CIVIL ACTION NUMBER: 1:22-CV-0098
                                             )
                                             )
                                             )
                                             )

FILED
SCRANTON
FEB 2 5 2022
PER _____
       DEPUTY CLERK


MONETARY RELIEF IN SUPPLEMENT OF COMPLAINT


    I am seeking $8,000 monetary damages due to the side--effects
and being put through emotional distress continually.


    I am seeking injunctive relief on P.A. Wickham so that he
cannot harm me anymore.


Date: February 22, 2022

_Alito Cross_

Alito Tijwan Cross



#34517-057

HARRISBURG PA 171

23 FEB 2022 PM 4 L

INMATE NAME/NUMBER: _Alto T. Closs_
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD _U.S.P_
P.O. BOX _3000_
WHITE DEER, PA 17887

RECEIVED
SCRANTON

FEB 25 2022 Penitentiary
PER: _____
Mailed From _____
DEPUTY CLERK

FEB 2 2 2022

Middle District Of Pennsylvania
% Clerk Of Court
Peter J. Welsh
P.o. Box #1148
Scranton, PA. 18501-1148

18501-114848

— Legal Mail —

JA 25

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALITO TIJWAN CROSS

and PAMELA CROSS

               Plaintiffs

v.

UNITED STATES OF AMERICA

               Defendant

CIVIL ACTION NUMBER:1:22-CV-98

(Judge Conner)

FILED
SCRANTON

MAR 0 1 2022

PER _____
DEPUTY CLERK

S.S. AFFIDAVIT

Now comes Mr. Alito Cross with a statement of facts:

On or about 2009-Medical Physicians has diagnosed me with a potentially fatal disease called Diabetes Type 2. I take medication for Type 1 and Type 2. Things could become fatal for me to succumb to my demise. I wanted to see a "Doctor" because P.A. Wickham was having problems adjusting My (MPH-insulin) on numerous occasions. I was never consulted by Dr. Buschman to ask how I was feeling. I was going through low sugar "episodes" and losing "Consciousness" and other side effects.

The Supreme Court has firmly established that no man or women be subjected to cruel and unusual punishment and has consistently held that the conscious ignoring of a prisoner's serious medical needs amounts to cruel and unusual punishment in violation of the Eighth Amendment, therefore deliberate indifference to a prisoner's seriou medical needs cosntitutes cruel and unusual punishment in violatic of the Eighth Amendment to the United States Constitution. Exhib demonstrates that this Plaintiff has a serious medical need the failure to treat of which could result in significant further It also demonstrates that the Defendant was aware of said ser medical need. This Plaintiff herein states under the penalty c perjury (28 U.S.C. § 1746) that I have loss consciousness f several occasions on the T.C.U. at U.S.P. Allenwood and D did not aid or assist me for the entire year. And that, denied me of my right to see the eye doctor. Executed o day of February 2022

ALITO CROSS ®345

# Reduction in Sentence Eligibility Review

Before completing this review, please read Program Statement 5050.50, Compassionate Release/Reduction in Sentence (RIS). Inmates may qualify for a RIS under several categories as outlined below:

## INMATE INFORMATION

| Inmate Name | Reg. No | Inmate DOB/Age |
|---|---|---|
| Cross, Alito | 34517-057 | 08/27/1977   43 yo |

| Institution | Category Inmate is requesting a Reduction in Sentence |
|---|---|
| ALP | Med Terminal [ ]   Debilitated Medical Condition [ ]   Elderly Med (65/50%) [ ] |

## MEDICAL WITH A TERMINAL DIAGNOSIS (Category: Med Terminal)

| | | |
|---|---|---|
| 1. | Does the inmate have a documented medical diagnosis from a physician with a prognosis of life expectancy of 18-months or less, and/or has a disease or condition with an end-of-life trajectory under 18 USC § 3582(d)(1)? | [ ] Yes  [✓] No |

If yes, complete a comprehensive medical summary to include IADL & ADL worksheet. Contact Clinical Director.  If no, inmate does not qualify under this category.

## DEBILITATED MEDICAL CONDITION

| | | |
|---|---|---|
| 1. | Does the inmate have a documented medical diagnosis of an incurable, progressive illness or has the inmate suffered a debilitating injury from which he/she will not recover? | [ ] Yes  [✓] No |
| 2. | AND, is the inmate completely disabled, unable to perform activities of daily living and totally confined to a bed or chair OR is the inmate only capable of limited self-care and confined to a bed or chair more than 50% of waking hours? | [ ] Yes  [✓] No |

If yes, complete a comprehensive medical summary to include IADL & ADL worksheet.  If "No" is checked for either of the above items the inmate does not qualify under this category.

## INMATES AGE 65 OR OLDER WITH A MEDICAL CONDITION (Category: Elderly Med Condition/65/50%)

| | | |
|---|---|---|
| 1. | Is the inmate age 65 or older and has the inmate served at least 50% of their sentence (verify with Unit Team)? (If no, inmate does not qualify under this category. If yes, proceed to next question.) | [ ] Yes  [✓] No |
| 2. | Does inmate suffer from a documented chronic or serious medical condition? | [ ] Yes  [✓] No |
| 3. | Has the inmate experienced a deteriorating mental or physical health condition that substantially diminishes his/her ability to function in a correctional environment? | [ ] Yes  [✓] No |
| 4. | Will conventional treatment provide a substantial improvement to the inmate's mental or physical condition? (If yes, inmate does not qualify under this category) | [ ] Yes  [✓] No |

Either item 2 or 3 above must be checked "Yes" for inmate to qualify under this category. If yes, complete a comprehensive medical summary to include IADL & ADL worksheet. If no, inmate does not qualify under this category.

## ELIGIBILITY DETERMINATION

Inmate may qualify for a RIS under the following category:

Med Terminal [ ]          Debilitated Medical Condition [ ]          Elderly Med (65/50%) [ ]

Inmate Does not qualify for a RIS [✓]

## STAFF INFORMATION

| Name of staff person completing this review | Position | Screening Date |
|---|---|---|
| Jody Bennett-Meehan | AHSA | 03/30/2021 |

| Clinical Director Signature | Date |
|---|---|
| **BRIAN BUSCHMAN** | Digitally signed by BRIAN BUSCHMAN Date: 2021.03.30 13:20:36 -04'00' |

# Instrumental Activities of Daily Living (IADL)
## Adapted for Use in the Correctional Environment

Circle the scoring point for the statement that **most closely corresponds** to the inmate's current functional ability for each task. Add each section number circled to arrive at the final score. The examiner should complete the scale based on information about the inmate from the inmate him/herself, cellmates, inmate care companions/nursing assistants, staff, and recent records. This tool is useful for indicating specifically how a person is performing at the present time.

| Inmate Name | Reg. No. |
|---|---|
| Cross, Alito | 34517-057 |

### A. Ability to Use the Telephone — Score
| | |
|---|---|
| 1. Operates telephone on own initiative; looks up and dials numbers, etc. | 1 ⦿ |
| 2. Dials a few well-known numbers | 1 ◯ |
| 4. Unable to use telephone without human assistance | 0 ◯ |

### B. Ability to use the Computer — Score
| | |
|---|---|
| 1. Uses the computer to communicate with staff and family via email | 1 ⦿ |
| 2. Needs assistance to use the computer | 1 ◯ |
| 3. Unable to use computer at all | 0 ◯ |

### C. Shopping — Score
| | |
|---|---|
| 1. Able to complete commissary list and manage commissary independently | 1 ⦿ |
| 2. Needs assistance to complete commissary list and managing commissary | |
| 3. Needs to be accompanied to commissary for full assistance | 0 ◯ |
| 4. Completely unable to shop | 0 ◯ |

### D. Food Preparation/Nutrition — Score
| | |
|---|---|
| 1. Able to independently plan and prepare snacks/meals outside of food services | 1 ⦿ |
| 2. Needs assistance to plan and prepare snacks/meals outside of food services | 0 ◯ |
| 3. Does not maintain adequate diet by eating snacks or going to food service | 0 ◯ |
| 4. Needs complete assistance in obtaining meals | 0 ◯ |

### E. Housekeeping — Score
| | |
|---|---|
| 1. Maintains cell independently according to BOP Policy | 1 ⦿ |
| 2. Performs light daily tasks such as dishwashing, bed making | 1 ◯ |
| 3. Performs light daily tasks but cannot maintain acceptable level of cleanliness | 0 ◯ |
| 4. Needs help with all housekeeping tasks | 0 ◯ |
| 5. Does not participate in any housekeeping tasks | 0 ◯ |

### F. Laundry — Score
| | |
|---|---|
| 1. Does personal laundry completely | 1 ⦿ |
| 2. Launders small items; rinses socks, etc. | 1 ◯ |
| 3. All laundry must be done by others | 0 ◯ |

### G. Mode of Transportation if Released — Score
| | |
|---|---|
| 1. Able to travel independently on public transportation or drive own car | 1 ⦿ |
| 2. Able to arrange own travel via taxi, but would not otherwise be able use public transportation | 1 ◯ |
| 3. Able to travel on public transportation when assisted or accompanied by another | 0 ◯ |
| 4. Travel would be limited to taxi or automobile with assistance of another | 0 ◯ |
| 5. Would not travel at all | 0 ◯ |

### H. Responsibility for Own Medications — Score
| | |
|---|---|
| 1. Is responsible for taking medication in correct dosages at correct time | 1 ⦿ |
| 2. Takes responsibility if medication is prepared in advance in separate dosages | 0 ◯ |
| 3. Is not capable of managing own medication | 0 ◯ |

### I. Ability to Handle Finances — Score
| | |
|---|---|
| 1. Manages TRULINCS account independently | 1 ⦿ |
| 2. Needs help managing account | 1 ◯ |
| 3. Incapable of managing account | 0 ◯ |

**Scoring:** The inmate receives a score of 1 for each section labeled A – I if his or her competence is rated at some minimal level or higher. Add the total points circled for A – I. The total score may range from 0 to 9. A lower score indicates a higher level of dependence.

| Total Score for Sections A thru I | 9 |
|---|---|

JODY BENNETT-MEEHAN
Digitally signed by JODY. BENNETT-MEEHAN
Date: 2021.03.30 12:17:20 -04'00'

| Completed By | Date |
|---|---|

Adapted from: Lawton MP, Brody EM, *Assessment of Older People: Self-Maintaining and Instrumental Activities of Daily Living. Gerontologist 9(1969):179-186.*

JA 29

## Physical Self-Maintenance Scale (PSMS)
### Adapted for Use in the Correctional Environment

Circle the scoring point for the statement that **most closely corresponds** to the inmate's current functional ability for each task. Add each section number circled to arrive at the final score. The examiner should complete the scale based on information about the inmate from the inmate him/herself, cellmates, inmate care companions/nursing assistants, staff, and recent records. This tool is useful for indicating specifically how a person is performing at the present time.

| Inmate Name | Reg. No. |
|---|---|
| Cross, Alito | 34517-057 |

| A. Toilet | Score |
|---|---|
| 1. Care for self at toilet completely; no incontinence | 1 ⊙ |
| 2. Needs to be reminded, or needs help in cleaning self, or has rare (weekly at most) accidents | 0 ○ |
| 3. Soiling or wetting while asleep more than once a week | 0 ○ |
| 4. Soiling or wetting while awake more than once a week | 0 ○ |
| 5. No control of bowels or bladder | 0 ○ |

| B. Feeding | Score |
|---|---|
| 1. Eats without assistance | 1 ⊙ |
| 2. Eats with minor assistance at meal times and/or with special preparation of food, or help in cleaning up after meals | 0 ○ |
| 3. Feeds self with moderate assistance and is untidy | 0 ○ |
| 4. Requires extensive assistance for all meals | 0 ○ |
| 5. Does not feed self at all and resists efforts of others to feed him or her | 0 ○ |

| C. Dressing | Score |
|---|---|
| 1. Dresses, undresses, and wears uniform according to BOP Policy | 1 ⊙ |
| 2. Dresses and undresses self, with adaptive equipment | 1 ○ |
| 3. Needs moderate assistance in dressing | 0 ○ |
| 4. Needs major assistance in dressing, but cooperates with efforts of others to help | 0 ○ |
| 5. Completely unable to dress self and resists efforts of others to help | 0 ○ |

| D. Grooming | Score |
|---|---|
| 1. Always neatly dressed, well-groomed, without assistance | 1 ⊙ |
| 3. Needs moderate and regular assistance or supervision with grooming | 0 ○ |
| 3. Needs total grooming care, but can remain well-groomed after help from others | 0 ○ |

| E. Physical Ambulation | Score |
|---|---|
| 1. Moves about the unit and institution independently | 1 ⊙ |
| 2. Ambulates only short distances | 0 ○ |
| 3. Ambulates with assistance of (check one)<br>☐a. Another Person ☐b. Railing<br>☐c. Cane ☐d. Walker<br>☐e. Wheelchair: Transfers without help ☐<br>Needs help to transfer ☐ | 0 ○ |
| 4. Sits unsupported in chair or wheelchair, but cannot propel self without help | 0 ○ |
| 5. Bedridden more than half the time | 0 ○ |

| F. Bathing | Score |
|---|---|
| 1. Bathes self (tub, shower, sponge bath) without human assistance | 1 ⊙ |
| 2. Bathes self with help getting in and out of tub | 0 ○ |
| 3. Washes face and hands only, but cannot bathe rest of body | 0 ○ |
| 4. Does not wash self, but is cooperative with those who bathe him or her | 0 ○ |
| 5. Does not try to wash self and resists efforts to keep him or her clean | 0 ○ |

**Scoring:** The inmate receives a score of 1 for each section labeled A – F if his or her competence is rated at some minimal level or higher. Add the total points circled for A – F. The total score may range from 0 to 6. A lower score indicates a higher level of dependence.

| Total Score for Section A thru F | 6 |
|---|---|

JODY BENNETT-MEEHAN

Digitally signed by JODY BENNETT-MEEHAN
Date: 2021.03.30 12:17:37 -04'00'

Completed By                                      Date

Adapted from: Lawton MP, Brody EM, *Assessment of Older People: Self-Maintaining and Instrumental Activities of Daily Living.* Gerontologist 9(1969):179-186.

# Reduction in Sentence Request based upon a Medical reason

| Medical Question | Meets Criteria Yes/No/ or N/A **Answer each of the steps below** | Details |
|---|---|---|
| Terminal Medical Condition? | No | |
| Incurable Disease with LE 18 Months or Less? | No | |
| Debilitating Medical Condition? | No | |
| Assistance with ADLs? | No | |
| Confined to Bed? | No | |
| Cognitive Defects? | No | |
| Elderly Inmates with Medical Conditions? | No | |
| Elderly <65? | No | 43 y/o |
| Chronic or Serious Medical Condition? | Yes | Chronic |
| Diminished ability to function in a Correctional Environment? | No | |
| Treatment Provides no Improvement? | No | |
| Served 50% of Sentence? | No | 40% |
| **Attach test results. Supportive consultations, referral reports/opinions? Program Review 1.2.21 Required | | |
| **Estimate of Life Expectancy? Program Review 1.2.21 Required | | |

Additional Information if needed:

Signature of the attending physician: BRIAN BUSCHMAN

Digitally signed by BRIAN BUSCHMAN
Date: 2021.03.30 13:20:51 -04'00'

Inmate Name: Cross, Alito                    Inmate number: 34517-057

JA 31

ALITO TIJWAN CROSS ®34517-057
UNITED STATES PENITENTIARY ALLENWOOD
POST OFFICE BOX 3000
WHITE DEER, PENNSYLVANIA 17887

U4B
C44

FEB 2 4 2022

LEGAL MAIL

Mailed From US Penitentiary

RECEIVED
SCRANTON

MAR 01 2022

PER _____
DEPUTY CLERK

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAM J. NEALON FEDERAL BLDG. & U.S. COURTHOUSE
235 NORTH WASHINGTON AVENUE
POST OFFICE BOX 1148
SCRANTON, PENNSYLVANIA 18501-1148



**JA 32**

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALITO TIJWAN CROSS
and PAMELA CROSS

    Plaintiffs

v.

UNITED STATES OF AMERICA

    Defendant

:   CIVIL ACTION NO. 1:22-CV-98
:
:
:   (Judge Conner)
:
:
:
:
:
:
:      **FILED**
:      **SCRANTON**
:
:      APR 0 4 2022
:
:   PER _____
:     DEPUTY CLERK

MOTION TO ADMIT AFFIDAVITS AS EVIDENCE

IN SUPPORT OF FACTS STATED IN COMPLAINT

   Now comes the plaintiff herein whom respectfully moves
this honorable Court in accordance with Local Rule 7.1 to admit
the enclosed affidavits as evidence in support of the facts
stated in the Complaint.

Date: March 29, 2022

         RESPECTFULLY SUBMITTED,

         Alito Cross

         Alito Tijwan Cross

.1.

**JA 33**

Affidavit for Alito Cross from Michael Blakeney #08058-
007

Michael Blakeney witnessed on at least two occasion Mr. Cross
suffer from being incoherent and get lost in the unit and not
remember what they place after.

One time we were playing cards and I observed Mr. Cross lose
focus from the game and I told him to go lay down and then I
posted it to staff.

I surrender this statement of my own free will under the
equity of perjury I attest to the truth of these words.


Michael Blakeney
08058-007

Hello my name is James Dean Odeneal Reg #11804-059. In or around the fifth or sixth month of the year 2021 I was transferred to the T.C.U program that housed Alido Cross Reg #34517-057 Who is a Type one diabetic. In or around May or June 2021 mr. Cross had multiple diabetic attacks. I James Dean Odeneal Reg #11804-059 heard mr. Cross Reg #34517-057 calling to C.O. Hazen That "It wasn't supposed to happen like that" C.O. Hazen asked him (mr. Cross Reg #34517-057) "what wasn't supposed to happen like that" Mr. Cross had said "that thing I did" C.O. Hazen said "what thing" So I (James D. Odeneal Reg #11804-059) called C.O. Hazen to my cell and told C.O. Hazen that mr. Cross Reg #34517-057 was having a diabetic attack, I also asked C.O Hazen if he could call medical to check on mr. Cross to see if his blood sugar was low. Mr. Cross has had another attack while in the Cellie Phase in the T.C.U.. My name is James Dean Odeneal Reg #11804-059 and I do swear that these incidents did happen as I have stated them.

3·13·2022

To whom it may concern

During our 90 day roommateship
I personally observed Mr Cross
go into a diabetic state after
8pm, I saw him delirious and
out of deep concern pushed the
button to get him medical attention.

By

Konrads Voits
55778039

TRULINCS  34517057 - CROSS, ALITO TIJWAN - Unit: ALP-D-B

--------------------------------------------------------------------------------------------------------

FROM: USP Health Services
TO: 34517057
SUBJECT: RE:***Inmate to Staff Message***
DATE: 03/16/2022 09:37:02 AM

Please utilize the sick call process to discuss your concerns with your primary care provider.

>>> ~^!"CROSS, ~^!ALITO TIJWAN" <34517057@inmatemessage.com> 3/15/2022 3:00 PM >>>
To: Dr. Bushman
Inmate Work Assignment: Orderly

On 3-15-2022 approx.2:20 p.m, I (Alito T. Cross) ask P.A.  Wickham did he receive the sick call that I put under his door? Mr.
P.A. wickham stated to me ( U have to get your suger under control befor u see the eye Doctor.I was told that how can
P.a.wickham know that suger is the cause?

My name is Eric Eymard #17628-045, and I am housed at USP Allenwood in the TCU program with Alito Cross #34517-053. I have seen Mr. Cross have numerous episodes of diabetic attacks and the staff and medical department did nothing for him but yell at him. Mr. Cross needs help with his diabetes. And there are no diabetic diets for him.

Eric Eymard
3-28-2022

INMATE NAME/NUMBER: ALITO CROSS ® 34517-057
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD  U.S.P.
P.O. BOX _3500_
WHITE DEER, PA 17887

LEGAL MAIL

RECEIVED
SCRANTON

APR 04 2022

PER _____
MAR 3 0 2022
DEPUTY CLERK

HARRISBURG PA

31 MAR 2022

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
235 N. WASHINGTON AVENUE
P.O. BOX 1148
SCRANTON, PENNSYLVANIA 18501

18501-114848

JA 39

*1:22cv98*

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA

S.S. AFFidavit

I Alito Tijwan Cross hereby Declare under the penalty of
bearing false witness, perjury under 28 U.S.C. 1746, that the
following is true and correct:

This is a statement from a witness, Eric Eymard.
"I, Eric Eymard, have witnessed the following actions being done
to Alito T. Cross #34517-057.

I have seen Mr. Cross go through numerous diabetic episodes
where his sugar levels were so low he would have no idea where
he is or what is happening. The officers would yell at
Mr. Cross during these episodes and treat him like he was
breaking the rules of just acting up and out to give him trouble.
The CO's don't know how to deal with Mr. Cross when he has his
diabetic episodes. I have personally witnessed Mr. Cross go through
proper care." -Eric Eymard.

FILED
SCRANTON

APR 21 2022

PER _____
DEPUTY CLERK

*Eric Eymard* #17628-045

April 18, 2022.

**JA 40**

I; Patrick Big lake #09673-046 an inmate in the F.B.O.P. is serving time in Allenwood Penitentiary that is located in White Deer, Pennsylvania 17887.

I am apart of a program that is called T.C.U. here at USP Allenwood, also, it is here where I met inmate Alito T. Crss #34517-057 and became acquainted with him.

I also became aware that inmate Cross is a diabetic and takes insulin. In March of 2021, between 7:00 & 7:30 AM in the morning I noticed inmate Cross at the metal detector looking confused, as I got clsoer to inmate Cross-the correctional officers (C.O.) cirlced inmate Cross and treated him as a threat and escorted him back to his cell and thats when more than three (3) inmates spake out and told the correctional staff that inmate Cross was in fact a diabetic, only then did the C.O.'s back off.

Date: April_____, 2022                    RESPECTFULLY,

Patrick Big Lake #09673-046



INMATE NAME/NUMBER: Alito Tijwan Cross #34517-0578
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD USP
P.O. BOX 3500
WHITE DEER, PA 17887

HARRISBURG PA 171
19 APR 2022 PM 4 L

Clerk of Court
235 N. Washington Ave
PO Box 1148
Scranton, PA 18501-1148

18501-114848

RECEIVED
SCRANTON
APR 18 2022

APR 21 2022

LEGAL MAIL   PER _____
DEPUTY CLERK

**JA 42**

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ALITO TIJWAN CROSS

PAMELA CROSS

          Plaintiff,

                    Civil Action No. 1:22-CV-0098

v.

UNITED STATES OF AMERICA

          Defendant.

**FILED
SCRANTON**

MAY 2 0 2022

PER _____
DEPUTY CLERK


       I Alito Tijwan Cross hereby declare under the penalty of bearing false witness, perjury under 28 U.S.C. § 1746, that the following is true and correct:

1. I would like to start off by informing you that, some statements that I made "only" to your office, got back Allenwood Nurse's Station so they "the Nurse's Station" took me off of my medication.


2. Dr.Buschman as well as others (nurses) knew my condition. Dr.Buschman took a year to come and see me. Dr.Buschman never asked about the coma-like stages that I was dealing with due to the fact that P.A. Wickham was over doing it when it came to my insulin.

       Executed this __17__ , day of May 2022

                                _Alito Cross_

INMATE NAME/NUMBER: _Milo Cean 34512-057_

FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD _USP_

HARRISBURG PA   _171_

P.O. BOX _3500_

18 MAY 2022 PM 1 L

WHITE DEER, PA 17887

LEGAL MAIL

RECEIVED
SCRANTON

MAY 20 2022

PER _SP_
DEPUTY CLERK

_US District Court_

_P.O. Box 1148_

_Scranton PA, 18501/1148_

18501-114848

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


IN Re: CROSS v. USA

Civil Action Number: 1:22-CV-0098

FILED
SCRANTON

MAY 2 3 2022

PER _____
DEPUTY CLERK

Your Honor Judge Conner,

Sir, I am writing you today to request that you review the BOP Program Statement (PS 4700.06 Food Services Manual) Section 3. Supplemental Feedings (a.) Diabetic Snacks. And also I am not receiving an adequate diet meal trays with enough food to keep me from bottoming out daily. But in fact they do provide inmates with double tray portions.

So once you read this Program Statement you will see that the Medical Services Department has deliberately ignored my diabetic care. It should also be known that Dr.Buschman only sees me when I file on him. Dr.Buschman then further only came and seen me once the law suit was filed. They then changed my care level from a 2 to a 3 after the law suit was filed.

Thank you Tito Cross

JA 45



INMATE NAME/NUMBER: _Alito T. Cross_
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD _U.S.P_
P.O. BOX _3500_
WHITE DEER, PA 17887

HARRISBURG PA   171
20 MAY 2022  PM 1  L

MiDDle District of Pennsylvania
P.O. Box 1148
Scranton, PA 18501 - 1148

18501-114848

RECEIVED
SCRANTON
MAY 23 2022
Per _____
DEPUTY CLERK

MAY 23 2022
Mailed From US Penitentiary
PER
LEGAL MAIL

JA 46

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALITO TIJWAN CROSS**<br>and **PAMELA CROSS,** | : | **CIVIL ACTION NO. 1:22-CV-98** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant** | : | |

<u>**ORDER**</u>

AND NOW, this 7th day of July, 2022, upon consideration of the amended complaint (Doc. 25) filed by plaintiffs, and the court observing that Federal Rule of Civil Procedure 15 allows plaintiffs to amend a complaint once as a matter of course if the amended complaint is filed either "21 days after serving" the original complaint or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier," but that in all other cases plaintiffs may only amend with the opposing party's written consent or the court's leave, <u>see</u> Fed. R. Civ. P. 15(a), and the court observing that the conditions necessary for plaintiffs to amend the complaint as of right under Rule 15 are not present in this case, and the court further observing that plaintiffs did not seek leave of the court prior to filing the amended complaint, and it appearing that plaintiffs did not obtain the opposing party's written consent prior to filing the amended complaint, and the court concluding that plaintiffs' filing of the amended complaint did not comply with Rule 15, it is hereby ORDERED that:

**JA 47**

1.      Plaintiffs' amended complaint (Doc. 25) is STRICKEN from the record.

2.      Plaintiff's original complaint (Doc. 1) shall remain the operative
        pleading in this case.

3.      This order is without prejudice to plaintiffs' right to move for leave to
        amend through a motion that complies with Rule 15.

/S/ CHRISTOPHER C. CONNER

Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

22 CV 98

Date. 7·27·22

Dear Clerk of Court,
I am writing to you to make
that I want my Filed Complaint to be a Bivens an not
a Federal Tort Claim My Case no 1:22-CV-98
Cross v. USP-Allenwood. Thank you for your time

Sincerely,

Alito T. Cross

FILED
SCRANTON

AUG 02 2022

PER _____
DEPUTY CLERK

JA 49



INMATE NAME/NUMBER: _Alita T. Crow_ USP
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD USP
P.O. BOX 3000
WHITE DEER, PA 17887

V4S RECEIVED
cwt SCRANTON

AUG 02 2022

PER _SL_____
DEPUTY CLERK

_Legal Mail_

MUDle District
P.O Box 1148
Scranton, PA 18501-1148

18501-114848

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALITO TIJWAN CROSS**<br>and **PAMELA CROSS,** | : | **CIVIL ACTION NO. 1:22-CV-98** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 10th day of August, 2022, upon consideration of plaintiffs'

complaint (Doc. 1), wherein plaintiffs raised a claim for relief under the Federal

Tort Claims Act ("FTCA") against the Allenwood United States Penitentiary ("USP-

Allenwood"), and further upon consideration of the court's February 17, 2022 order

(Doc. 8), wherein the court substituted the United States of America as the only

proper defendant in an FTCA claim and directed the Clerk of Court to serve the

United States of America with a copy of the complaint, and further upon

consideration of the United States of America's motion to dismiss and supporting

brief (Docs. 18, 22), wherein the United States of America seeks dismissal of

plaintiffs' complaint for failure to exhaust administrative remedies, and further

upon consideration of plaintiffs' opposition to the motion to dismiss (Doc. 23),

wherein plaintiffs do not address the argument that they failed to exhaust

administrative remedies and instead state that they seek permission to amend the

complaint if the court construes the complaint as one brought under the FTCA and

not as a civil rights complaint brought pursuant to <u>Bivens v. Six Unknown Named</u>

<u>Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and further upon consideration of plaintiffs' amended complaint (Doc. 25), wherein plaintiffs brought claims against two individual defendants pursuant to <u>Bivens</u> and did not bring claims against the United States of America or USP-Allenwood, and further upon consideration of the court's July 7, 2022 order (Doc. 27), wherein the court struck the amended complaint from this case because plaintiffs failed to comply with Federal Rule of Civil Procedure 15 before filing the amended complaint because they did not seek leave of the court or written permission of the opposing party before filing the amended complaint, and further upon consideration of plaintiffs' July 18, 2022 reply (Doc. 28), wherein plaintiffs again request that they be granted leave to amend in the event that the court construes the complaint as an FTCA complaint and not as a <u>Bivens</u> complaint, and further upon consideration of plaintiffs' July 27, 2022 letter (Doc. 30), which the court received and docketed on August 2, 2022, wherein plaintiffs state that they wish to have their complaint treated as a <u>Bivens</u> complaint and not as an FTCA complaint, and the court construing this statement as a statement of concurrence with the United States of America's motion to dismiss and a request for leave to amend plaintiffs' complaint in light of plaintiffs' earlier requests to amend, and the amended complaint, as well as failure to address the United States of America's arguments for dismissal, and the court finding that there is good cause to grant the United States of America's motion to dismiss given plaintiffs' concurrence with the motion, and the court further concluding that there is good cause to permit plaintiffs' leave to amend their

**JA 52**

complaint to state a <u>Bivens</u> claim against individual defendants, it is hereby

ORDERED that:

1.  The United States of America's motion to dismiss (Doc. 18) is GRANTED.

2.  Plaintiffs' FTCA claims against the United States of America are DISMISSED with prejudice.

3.  The Clerk of Court is directed to terminate the United States as a party to this action.

4.  Plaintiffs may file an amended complaint on or before **September 10, 2022**.  The amended complaint shall be limited to civil rights claims brought pursuant to <u>Bivens</u>, 403 U.S. at 388.  Any amended complaint filed pursuant to this order shall be filed to the same docket number as the instant action, shall be entitled "Amended Complaint," and shall be complete in all respects.  It shall be a new pleading that stands by itself as an adequate complaint under the Federal Rules of Civil Procedure.

5.  If plaintiffs do not file an amended complaint by the above date, this case will be dismissed without further leave to amend.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALITO TIJWAN CROSS** and **PAMELA CROSS,** | : | **CIVIL ACTION NO. 1:22-CV-98** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 25th day of August, 2022, upon consideration of the court's August 10, 2022 order (Doc. 31) wherein the court dismissed plaintiffs' FTCA claims against defendant United States of America with prejudice, granted plaintiffs leave to amend their complaint to bring civil rights claims pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and directed plaintiffs to file their amended complaint on or before September 10, 2022, and further upon consideration of plaintiffs' August 19, 2022 motion (Doc. 32) for leave to amend, wherein plaintiffs seek leave to amend their complaint to state civil rights claims pursuant to <u>Bivens</u>, and the court observing that plaintiffs have already been granted such relief through the court's August 10, 2022 order, it is hereby ORDERED that plaintiffs' August 19, 2022 motion (Doc. 32) for leave to amend is DENIED AS MOOT.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

AMENDED--CIVIL COMPLAINT FORM TO BE USED BY A *PRO SE* PRISONER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALITO TIJWAN CROSS    34517-057 | : | |
| Full Name of Plaintiff        Inmate Number | : | |
| | : | Civil No. 1:22-CV-98 |
| v. | : | (to be filled in by the Clerk's Office) |
| | : | |
| DOCTOR BUSCHMAN | : | (____) Demand for Jury Trial |
| Name of Defendant 1 | : | (X) No Jury Trial Demand |
| | : | |
| PHYSICIAN'S ASSISTANT WICKHAM | : | |
| Name of Defendant 2 | : | |
| | : | |
| H. QUAY | : | |
| Name of Defendant 3 | : | |
| | : | |
| | : | |
| Name of Defendant 4 | : | |
| | : | |
| | : | |
| Name of Defendant 5 | : | |
| (Print the names of all defendants.  If the names of all | : | |
| defendants do not fit in this space, you may attach | : | |
| additional pages. Do not include addresses in this | : | |
| section). | : | |

FILED
SCRANTON

SEP 1 2 2022

PER
DEPUTY CLERK

## I.    NATURE OF COMPLAINT

Indicate below the federal legal basis for your claim, if known.

____    Civil Rights Action under 42 U.S.C. § 1983 (state, county, or municipal defendants)

X    Civil Rights Action under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388
(1971) (federal defendants)

____    Negligence Action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, against the
United States

II. **ADDRESSES AND INFORMATION**

A. **PLAINTIFF**

CROSS, ALITO, TIJWAN
_____

Name (Last, First, MI)

34517-057
_____

Inmate Number

UNITED STATES PENITENTIARY ALLENWOOD
_____

Place of Confinement

POST OFFICE BOX 3500
_____

Address

WHITE DEER, UNION      , PENNSYLVANIA  17887
_____

City, County, State, Zip Code


Indicate whether you are a prisoner or other confined person as follows:

___   Pretrial detainee

___   Civilly committed detainee

___   Immigration detainee

___   Convicted and sentenced state prisoner

X   Convicted and sentenced federal prisoner


B. **DEFENDANT(S)**

Provide the information below for each defendant. Attach additional pages if needed.

Make sure that the defendant(s) listed below are identical to those contained in the caption.   If incorrect information is provided, it could result in the delay or prevention of service of the complaint.

Defendant 1:

BUSCHMAN, F.N.U.
_____

Name (Last, First)

PHYSICIAN F.N.U.
_____

Current Job Title

FEDERAL CORRECTIONAL COMPLEX ALLENWOOD
_____

Current Work Address

WHITE DEER, UNION, PENNSYLVANIA 17887
_____

City, County, State, Zip Code

Defendant 2:

WICKHAM, F.N.U.

Name (Last, First)

PHYSICIAN'S ASSISTANT

Current Job Title

FEDERAL CORRECTIONAL COMPLEX ALLENWOOD

Current Work Address

WHITE DEER, UNION, PENNSYLVANIA 17887

City, County, State, Zip Code


Defendant 3:

QUAY, H.

Name (Last, First)

FORMER WARDEN

Current Job Title

RETIRED

Current Work Address


City, County, State, Zip Code


Defendant 4:


Name (Last, First)


Current Job Title


Current Work Address


City, County, State, Zip Code


Defendant 5:


Name (Last, First)


Current Job Title


Current Work Address


City, County, State, Zip Code

## III.   STATEMENT OF FACTS

State only the facts of your claim below.  Include all the facts you consider important.  Attach additional pages if needed.

A.   Describe where and when the events giving rise to your claim(s) arose.

At United States Penitentiary Allenwood on the Transitional Care Unit beginning in approximately February 2021 up until and including this date

B.   On what date did the events giving rise to your claim(s) occur?

Approximately September and October 2021

C.   What are the facts underlying your claim(s)? (For example:  What happened to you? Who did what?)

The defendant's deliberate indifference to my Type 2 diabetes has caused me to go through low sugar episodes and lose consciousness on 4 occasions.

## IV.    LEGAL CLAIM(S)

You are not required to make legal argument or cite any cases or statutes.  However, state what constitutional rights, statutes, or laws you believe were violated by the above actions.  If you intend to assert multiple claims, number and set forth each claim in separate paragraphs. Attach additional pages if needed.

To show such deliberate indifference,  I must establish two elements. First, I must show a "serious medical need" by demon- strating that failure to treat a medical condition could result in significant further injury or the "unnecessary and wanton infliction of pain." Second, I must show that the prison officials were aware of failed to respond to my pain and medical needs, and that I suffered some harm because of that failure.

It took defendant #1 13 months to treat my medical condition subsequent to being informed of me losing consciousness on  4 occasions during the 13 month period. The United States Supreme Court has consistently held that consciously ignoring a prisoner's serious medical needs amounts to Cruel and Unusual Punishment in violation of the Eighth Amendment to the United States Constitution.

## V.    INJURY

Describe with specificity what injury, harm, or damages you suffered because of the events described above.

I have loss consciousness on 4 occasions. My life was placed in danger. My vision is impaired and I have severe mental stress.

## VI.    RELIEF

State exactly what you want the court to do for you.  For example, you may be seeking money damages, you may want the court to order a defendant to do something or stop doing something, or you may be seeking both types of relief.  If you are seeking monetary relief, state your request generally.  Do not request a specific amount of money.

MONETARY DAMAGES.

## VII.    SIGNATURE

By signing this complaint, you represent to the court that the facts alleged are true to the best of your knowledge and are supported by evidence, that those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.

Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address.  If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing.  By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.

Signature of Plaintiff

6-27-2022

Date

Date: 9-6-22

Dear Office Of The Clerk:

With all-do-Respect, I Alito T. Cross ask The Clerk's permission To return a copy Of my Amended Civil Complaint, Do-to-the-Fact I Had No time To make a copy For myself.

Sincerely,
A Cross



Alfeo T. Cross #34517-057
USP-Allenwood
P.O. Box 3000
White Deer, PA 17887

RECEIVED
SCRANTON

SEP 12 2022

PER _____
DEPUTY CLERK

MiDDLE DiSTRicT oF PeNNSylvANiA

P.O. Box 1148

Scranton, PA 18501-1148

Legal Mail

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
HARRISBURG, PA

OCT 0 7 2022

PER_____
DEPUTY CLERK

Civil Action Number: 1:22-CV-98

(Judge Connor)

Your Honor,

            Sir, I have time and time again had issues with my
bottoming out episodes since the last time I contacted you about
my diabetes. Now upon review of medical records and the BOP's
responses to my administrative remedies I noticed they never talk
about or mention all the times I've lost consciousness and my diet
issues with the food situation here at USP Allenwood.

            The only thing I was trying to bring to the fore-front
was the fact that Dr.Buschman refused to talk to me about losing
consciousness so many times. It took Dr.Buschman a year to see me,
acting as if nothing was going on. All most all of 2021 I was having
diabetes episodes that are affecting my "thinking process" that's
why I asked to see a specialist to be on "alert" or new medication.
I must say, I'm going through things with my mental illness mixed
with my medical condition of unstable diabetes, so most of the time
my mind is not in a right to know what I am doing.

            I even took a look at the Administrative Remedy
Part B-Response. When Reading, I noticed they were referring to 2022
I mostly had the attacks in 2021. I then got fed up with what was
I was going through so I started looking for help.

Date: October 4 , 2022                    RESPECTFULLY SUBMITTED,

ALITO TIJWAN CROSS ®34517-057

**JA 63**

1106400A1

ALITO TIJWAN CROSS, 34517-057
ALLENWOOD USP     UNT: IV-TCU     QTR: D04-209U
P.O. BOX 3500
WHITE DEER,  PA 17887

ISSUED TO INMATE
'22 SEP 28

**Administrative Remedy No. 1106400-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal wherein you allege you have not received appropriate treatment for your diabetes.  Specifically, you contend you have been treated with deliberate indifference by the medical providers at your institution and you have not been provided a diabetic snack or special meal tray to keep your blood glucose stable.  For relief, you request further evaluation and appropriate treatment.

We have reviewed documentation relevant to your appeal and, based on our findings, concur with the way the Warden and Regional Director responded to your concerns at the time of your Request for Administrative Remedy and subsequent appeal.  Our succeeding review reveals you have been evaluated by Health Services on multiple occasions for chronic medical conditions, specifically your diabetes, and have had adjustments in your health care as clinically needed.

Further review reveals you were evaluated by the physician during a routine chronic care clinic appointment on February 23, 2022.  During that encounter, the physician addressed your uncontrolled diabetes and discussed your non-compliance with the recommended medication regimen to assist with your glucose control.  Adjustments were made to your medication, to include a non-formulary prescription request for Insulin glargine (Lantus) to assist in achieving optimal diabetes control.  That non-formulary request was approved and you have received Lantus since that time.  On March 7, 2022, the provider reviewed your blood glucose readings from that week, as well as laboratory test values and encounters, and determined an increase in Lantus was indicated.  You refused to receive an increase to your Lantus insulin dose at that time.  You were again evaluated by the provider during a follow up encounter on March 10, 2022. You presented during that encounter with a blood glucose of 360mg/dL, which exhibited continued poor control.  You continued to refuse an increase to your Lantus, but agreed to a tighter regular insulin sliding scale regimen at that time, and the provider discussed further treatment plan recommendations with the physician.

Subsequent clinical encounters with the provider indicate continued adjustments are made to your plan of care as clinically indicated; and education is routinely provided to you

Administrative Remedy No. 1106400-A1
Part B - Response
Page 2

regarding diet, exercise, medication and treatment compliance, and the recommended plan of care. Your most recent laboratory testing indicates your HgbA1c remains elevated at 9.7%, which indicates your diabetes is still poorly controlled. Review of your recent commissary purchases indicates you continue to make poor food and snack choices to better manage your diabetes. Additionally, you are encouraged to select heart-healthy diet options to achieve optimal control of your diabetes. The Bureau's heart-healthy dietary offerings meet the recommendations of the American Diabetes Association's regarding diabetes management in the correctional setting. Currently, there is insufficient diagnostic data to make a clinical determination of the need for a special diet or snack.

There is a clear progression of clinical assessments, follow-up, consultation, and treatment in accordance with evidence-based standard of care and within the scope of services of the Federal Bureau of Prisons. You are scheduled for routine chronic care evaluation with the physician and the provider. If your condition has changed or worsened, please sign up for daily sick-call to have your concerns appropriately addressed by your Primary Care Provider. Your primary care team will continue to make recommendations as needed. As recommendations are made, a course of treatment will be determined. Given this, we shall defer diagnostic testing and treatment interventions to the Health Services staff at the local level.

Based on this information, without evidence to the contrary, we do not find, nor did you provide, any evidence corroborating your allegations to substantiate your claim of being treated with deliberate indifference. You have consistently been provided timely and appropriate medical care in accordance with Program Statement 6031.04, _Patient Care_, and the National Drug Formulary.

Considering the foregoing, this response is provided for informational purposes only.

August 24, 2022
Date

_S. Connors_
Ian Connors, Administrator
National Inmate Appeals

U.S. Department of Justice

Federal Bureau of Prisons

Medical

Central Office Administrative Remedy Appeal

ⒷⓌ
5/31/22

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attach-ments must be submitted with this appeal.

From: Cross, Alito
  LAST NAME, FIRST, MIDDLE INITIAL

34517-057
REG. NO.

4B
UNIT

ALP
INSTITUTION

**Part A - REASON FOR APPEAL**    I Alito Tijwan Cross hereby declare under penalty of bearing false witness, perjury under 28 U.S.C. § 1746, that the following is true and correct:

I believe that Dr.Bushman and P.A. Wickham did not report the times that I bottomed out in my room (---11) 4-times; the reason that I believe that they didn't report it is because everyone that I talked to about the issue never says anything about it. Their Actions as a whole violates my Eighth Amendment rights by violation of the Rehabilitation Act, § 794(a). Yes, I know that I have a chronic disability as defined by § 705(2) of the Act. Dr.Buschman's action and or inaction demonstrates that he was "deliberately indifferent" to the diabetes that I am dealing with. Dr.Buschman has shown that diabetes is serious based on him changing my medical care level from a '2' to a '3' on January 11, 2022 which was subsequent to me bottoming out 4-times as I was told. This demonstrates that he knew that my condition was getting worse. I noticed that they started to see me when my law suit complaint was filed. I have not received any kind of diabetic snack bag or special meal trays to keep my sugar level in check. Can you please help me?

5-31-2022
DATE

Alito T. Cross
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

**RECEIVED**

JUL 0 1 2022

Administrative Remedy Section
Federal Bureau of Prisons

DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: 110 6400-A1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
  LAST NAME, FIRST, MIDDLE INITIAL

REG. NO.

UNIT

INSTITUTION

SUBJECT: _____

DATE

♲
PRINTED ON RECYCLED PAPER

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
JUNE 2002

USP LVN

**JA 67**

INMATE NAME/NUMBER: ALITO CROSS #34517-057
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD USP
P.O. BOX 3000
WHITE DEER, PA 17887

**RECEIVED**
HARRISBURG, PA

OCT 07 2022

PER _____ SH _____
DEPUTY CLERK

Mailed from US Penitentiary

legal mail

17108-Q9883



HARRISBURG PA 1
5 OCT 2022

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
UNITED STATES COURTHOUSE
228 WALNUT STREET
POST OFFICE BOX 983
HARRISBURG, PA 17108

JA 68

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


IN RE: ALITO TIJWAN CROSS

**FILED**
HARRISBURG, PA

OCT 14 2022

PER_____
DEPUTY CLERK

CIVIL NUMBER: 1:22-CV-98


S.S. AFFIDAVIT


YOUR HONOR,

I would like to let you know that Medical and Food Service are still subjecting me to unjust acts. They continue to give me inadequate servings of food. Whenever I eat "before" taking my insulin it's always going to Read High Glucose.

It is a medically known fact that a diabetic should test his or her blood sugar first before they eat to get an accurate reading.


Central Office went about telling me I ordered sweets from commissary.


The reason why I eat sweets from is because, I get scared because my blood sugar runs so low and I have know one to help me if I Blackout, that's why I eat sweets.

Also,

- Health Services staff as authorized in the Patient Care policy. Supplemental Feedings or snacks. Diabetic Snacks.   I affirm under the penalty of perjury (28 U.S.C. § 1746) that the aforegoing statements are true and correct, executed this _10_ , day October 2022.

_Alito Cross_

**JA 69**



HARRISBURG PA   171

12 OCT 2022   PM 3   L

INMATE NAME/NUMBER: ALITO CROSS ®34517-057

FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD USP

P.O. BOX 3000

WHITE DEER, PA 17887

Mailed From US Penitentiary

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
UNITED STATES COURTHOUSE
228 WALNUT STREET

POST OFFICE BOX 983

HARRISBURG, PENNSYLVANIA 17108

17108-098383

OCT 1 1 2022

RECEIVED
HARRISBURG, PA

OCT 14 2022

LEGAL MAIL

PER _____ DEPUTY CLERK

**JA 70**

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on May 25, 2023. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

May 25, 2023 /s/ S. Conrad Scott
S. Conrad Scott

*Counsel for Plaintiff-Appellant*
*Alito T. Cross*